Elise R. Sanguinetti, State Bar No. 191389
Eugene Feldman, State Bar No. 118497
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile:  (310) 861-0168
elise@aswtlawyers.com
eugene@aswtlawyers.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA GRANDA, an individual, JOSE GRANDA, an individual, <br><br><br> Plaintiffs, <br><br> v. <br><br><br> CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM and DOES 1 - 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** <br><br> Violation of the Americans with Disabilities Act |

Plaintiffs Sara Granda and Jose Granda hereby alleges the following facts and submits the following claims for relief:

1.      This action arises out of negligent and discriminatory acts and practices by Defendants CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM and DOES 1 through 10, a public entity, in violation of federal law designed to protect the rights of individuals with disabilities.

1    2.    Plaintiff Sara Granda, who at all relevant times has had a mobility impairment which

2    necessitates the use of a wheelchair, seeks relief from Defendants for their violation of her rights

3    secured by Title II of the Americans with Disabilities Act.

4    3.    As alleged herein, Defendants have failed and refused to adjust the rates that Defendants will

5    pay for the 24-hour per day nursing care needed by Ms. Granda.

6    4.    Defendants' failure to provide the necessary rate adjustment and care have subjected Ms.

7    Granda to hospitalization and a substantial risk of institutionalization.

8    5.    For Defendants' violations of law, Sara Granda and Jose Granda seek declaratory and

9    injunctive relief, damages, and attorneys' fees and costs.

10    **I.    JURISDICTION AND VENUE**

11    6.    This action arises in part under the Americans with Disabilities Act (42 U.S.C. § 12131 et

12    seq.) ("ADA").  This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331

13    and 1343.  This Court has supplemental jurisdiction over Plaintiffs' claims for declaratory relief

14    pursuant to 28 U.S.C. §§ 2201 and 2202.

15    7.    Venue is proper in the Eastern District of California under 28 U.S.C.

16    § 1391(b), as Defendant's headquarters are located in the Eastern District and all of the acts and/or

17    omissions alleged herein occurred in this district.

18    **II.    PARTIES**

19    8.    Plaintiff Sara Granda is an individual who at all relevant times has been a resident of Davis,

20    California. Ms.  Granda has been diagnosed with a spinal cord injury and is quadriplegic. This

21    impairment affects her neurological and/or special sense organ that limits a major life activity,

22    including mobility.   Ms. Granda is a "person with a disability" as that term is defined in 42 U.S.C. §

23    12102 and California Government Code § 12926. She has been disabled since a car accident in 1997

24    at age 17.

25    9.    Plaintiff Jose Granda is an individual who at all relevant times has been a resident of Davis,

26    California. He has been employed as a professor of mechanical engineering at California State

27    University Sacramento for more than 37 years. Mr. Granda is enrolled in the California Employees'

28

COMPLAINT FOR DAMAGES

Pension Retirement System (hereinafter "CalPERS"). Mr. Granda receives health care through CalPERS for himself and his family.

10.    At all times herein relevant, Jose Granda has advocated on behalf of his daughter, Sara Granda, for rate adjustment and care for her with CalPERS. CalPERS has interfered with his advocacy and discouraged it by specifically directing him not to contact the Board of Administration.

11.    Plaintiff Sara Granda is a qualified enrollee with respect to eligibility for health insurance from CalPERS as a disabled dependent of her father because Ms. Granda has been disabled since prior to the age of 26. She is also an employee of the State of California, working as an attorney with the Department of Health Care Services the past 11 years.

12.    Plaintiff is informed and believes and based thereon alleges that Defendant California Public Employees' Retirement System "CalPERS", is a public agency of the State of California.  At all relevant times, CalPERS has maintained its principal place of business in Sacramento, California. CalPERS is a public entity within the definitions of Title II of the Americans with Disabilities Act. It is prohibited from discriminating against qualified persons with disabilities, or those persons advocating on their behalf.

13.    Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names.  Their true names and capacities, whether individual, corporate, partnership, associate or otherwise, are unknown to the Plaintiffs who therefore sue these Defendants by such fictitious names.  When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities.

14.    Plaintiffs are informed and believe and allege thereon, that each of the Defendants named in this Complaint, including Does 1 through 10, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged herein.

15.    Plaintiffs are informed and believe and allege thereon, that each of the Defendants named in this Complaint, including Does 1 through 10, inclusive, acted in concert with respect to the acts and omissions alleged herein.  Defendants and each of them represented a united body so that the actions

1    of one Defendant were accomplished in concert with, and with knowledge, ratification,

2    authorization, and approval of each of the other Defendants.

3    16.    Plaintiffs are informed and believe and allege thereon, that each of the Defendants named in

4    this complaint, including Does 1 through 10, inclusive, are and at all times mentioned herein were,

5    the agent, servant and/or employee of each of the other Defendants and that each Defendant was

6    acting within the course and scope of his, her or its authority as the agent, servant and/or employee

7    of each of the other Defendants. Consequently, all of the Defendants are jointly and severally liable

8    to the Plaintiffs for the damages sustained as a proximate result of their conduct.

9    17.    At all times set forth herein, the acts and omissions of each Defendant caused, led, and/or

10    contributed to the various acts and omissions of each and all of the other Defendants, legally causing

11    Plaintiffs' injuries and damages as alleged.

12    **III.    FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13    18.    At all times herein mentioned Ms. Granda a disabled person who is fully ventilator

14    dependent with no ability to breathe on her own. Her disability requires she receive 24 hours each

15    day of skilled nursing care, as opposed to non-licensed caregiving/attendant care. She presently

16    resides at home, in the least restrictive environment possible. Due to her permanent disability, she is

17    perpetually at high risk for life threatening medical complications if not provided appropriate skilled

18    nursing care.

19    19.    Ms. Granda was hospitalized in 2014, 2015, 2017, 2018, 2019, and 2021. All of these

20    hospitalizations were completely avoidable if appropriate and consistent health care was provided in-

21    home. In the sixteen years prior to 2014, Ms. Granda did not require hospitalization.

22    20.    Hospitalization for Ms. Granda is particularly restrictive because she is ventilator dependent.

23    California Code of Regulations Title 22 requires that she can only be admitted and cared for in an

24    ICU setting if hospitalized. Due to her acuity, Ms. Granda cannot be admitted to a nursing or

25    rehabilitation facility. Rather, she must utilize an acute care hospital, or acute care hospital with

26    acute spinal cord rehabilitation.

27    21.    Ms. Granda must spend hours training in-home nurses as to how to care for her in addition to

28

the large amount of time identifying available individuals to work for her. Having consistent access

to trained, skilled, in-home nursing is critical to avoid irreparable harm to her health, which will

require acute hospital care or  acute hospital care with spinal cord injury rehabilitation.

22.     Ms. Granda and Mr. Granda were and still remain enrolled in the "PERSCare" plan offered

by CalPERS. It is provided pursuant to the Public Employees' Medical and Hospital Care Act.

23.     In 1998 and to the present time, Sara Granda was at risk for institutionalization. Individually

and with the advocacy of her father, Ms. Granda complained to CalPERS that the PERSCare plan

did not provide sufficiently for her need for in-home health services. Plaintiffs reached an agreement

whereby CalPERS agreed to provide appropriate and/or medically necessary home health care

benefits to Sara Granda by converting dollars available for a covered benefit (skilled nursing care).

The agreement was entered into in order to provide appropriate care for Ms. Granda at home. Action

Home Nursing Services, a home health care agency, was a party to this agreement. The agreement

specifies providing either RN or LVN care. Action provided both RNs and LVNs. Ms. Granda came

home using Action Home Nursing. Due to the agency's volatility in providing appropriate care,

Action Home Nursing terminated their skilled nursing services. Ms. Granda was forced to be re-

hospitalized. Action Home Nursing is no longer in business.

24.     The agreement acknowledged that it was subject to modification in the event of a change of

professional providers, or other conditions affect the meaning and intent of the agreement. After

being admitted to Santa Clara Valley Medical Center in November 1999, Ms. Granda used legal

counsel to get discharged. She arranged for nursing reimbursement to be paid directly to her

providers. Since Ms. Granda had a "change of providers," this warranted meeting with CalPERS

under the agreement. CalPERS did not meet with Ms. Granda or Mr. Granda, despite the significant

change of circumstances in the delivery of skilled home health nursing.

25.     Following the execution of the 1998 agreement, CalPERS never met with any of the Grandas

or exert any effort to contact the family for 12 years. Ms. Granda became a licensed attorney in

California in 2010. She requested a meeting with the then Director of Policy Benefits of CalPERS

Ann Boynton. CalPERS conducted a statewide survey of nursing rates in 2012. Plaintiff has had

COMPLAINT FOR DAMAGES

extreme difficulty within the last seven years obtaining nursing services at the hourly rate CalPERS

set in 2012 of $56.00 per hour for registered nurses and $45 for LVNs. This is based on straight pay

for all 12 hours. In 2020 CalPERS, counsel John Shipley told Sara Granda, "We have been hearing

about your inability to identify necessary nursing for the last five years."

26.     Plaintiffs are informed and believe that CalPERS has not adjusted these rates or made any

effort to determine what current nursing rates are across the state since 2012. CalPERS has no policy

requiring adjustments to reflect the market rates for nursing services or for the particularized needs

of severely disabled enrollees such as Ms. Granda.

27.     Plaintiffs are informed and believe that the CalPERS reimbursement rate is 40-50% less than

the market rate for such skilled nursing services in the greater Sacramento area. The CalPERS pay

reimbursement structure, in addition to being lower than market rates, includes straight pay for all 24

hours. Skilled nurses are disincentivized to work full time for Ms. Granda.

The high demand for nurses has been exacerbated the last 18 months by the COVID-19 crisis.

28.     Plaintiff has been significantly harmed by the low reimbursement rate for in-home nursing

services because there is constant turn over and the need for constant re-training. Ms. Granda has a

critical need for skilled nursing, yet she is put at a competitive disadvantage in recruiting by

CalPERS failure and refusal to make necessary rate adjustments and changing the straight pay

compensation formula for all 24 hours.

29.     Plaintiffs have engaged in mediation with CalPERS in 2020 concerning modification of the

1998 agreement to reflect changed circumstances for Ms. Granda's need for appropriate skilled

home nursing. Her ability to live at home in the least restrictive environment is imperiled without the

capacity to identify, hire and retain skilled home nursing services.

30.     CALPERS has discouraged and interfered with Jose Granda's advocacy on behalf of Sara

Granda by refusing to negotiate with him as to agreement modification. In addition, CalPERS has

directed him not to communicate directly to the Board of Administration.

31.     Plaintiffs have been forced to retain counsel to vindicate their statutory rights.

//

COMPLAINT FOR DAMAGES

1

2

3

4

#### IV.    FIRST CLAIM FOR RELIEF

#### Violation of Title II of the Americans with Disabilities Act

#### (42 U.S.C. §§ 12131 et seq.)

#### All Plaintiffs Against All Defendants

5    32.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

6    33.    In 1990, the United States Congress made findings regarding physically disabled persons,

7    finding that laws were needed to more fully protect "some 43 million Americans [with] one or more

8    physical or mental disabilities," that "historically society has tended to isolate and segregate

9    individuals with disabilities," that "such forms of discrimination against individuals with disabilities

10   continue to be a serious and pervasive social problem," that "the Nation's proper goals regarding

11   individuals with disabilities are to assure equality of opportunity, full participation, independent

12   living and economic self-sufficiency for such individuals"; and that "the continuing existence of

13   unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity

14   to compete on an equal basis and to pursue those opportunities for which our free society is

15   justifiably famous. . . ."  42 U.S.C. §12101.

16   34.    A public entity covered by title II is defined as -- 1) Any State or local government; 2) Any

17   department, agency, special purpose district, or other instrumentality of a State or local government;

18   or 3) Certain commuter authorities as well as AMTRAK.

19   35.    Title II of the ADA provides that "no qualified individual with a disability shall, by reason of

20   such disability, be excluded from participation in or be denied the benefits of the services, programs

21   or activities of a public entity, or be subjected to discrimination by any such entity or

22   accommodations of any place of public accommodation." 42 U.S.C. § 12132.   PERSCare is a

23   program, service or activity of CalPERS, which Sara Granda has been improperly excluded from due

24   to the refusal to make modifications as alleged herein.

25   36.    C.F.R. 35.130(a) states "No qualified individual with a disability shall, on the basis of

26   disability, be excluded from participation in or be denied the benefits of the services, programs, or

27   activities of a public entity, or be subjected to discrimination by any public entity."

28

37.     A public entity shall make reasonable modification in policies, practices or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7).

38.     Ms. Granda is entitled to live in the least restrictive and most integrated housing environment pursuant to the ADA.   CalPERS is obligated on an ongoing basis to make modifications of its policies practices and procedures to afford her access to its programs and services and to provide her the opportunity to live in the least restrictive environment and avoid the risk of institutionalization.

39.     The ADA Title II Technical Assistance Manual provides in relevant part: II-3.9000 Discrimination on the basis of association. "A State or local government may not discriminate against individuals or entities because of their known relationship or association with persons who have disabilities."

40.     Plaintiffs are informed and believe and allege thereon that Defendant CalPERS has failed and refused to modify its nursing reimbursement rates in retaliation against Plaintiffs for having requested an increase in these rates.

41.     Plaintiffs are protected from retaliation by C.F.R. 35.134 which states in pertinent part that "(a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part.

(b) No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part."

42.     Plaintiffs are entitled to declaratory and injunctive relief to remedy the violations that are continuing in nature, as well as reasonable attorneys' fees and costs in filing this action, pursuant to 42 U.S.C. § 12188 and 42 U.SC. § 12205.

COMPLAINT FOR DAMAGES

**V.   PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for relief as follows:

1.     A declaration that Defendant's conduct as alleged herein violated Title II of the Americans with Disabilities Act;

2.     For injunctive relief requiring (a) Defendant to comply with its responsibility to modify its policies, practices and procedures with respect to the PERSCARE health plan. allow Plaintiff Sara Granda to continue to reside in her home in the least restrictive environment (b) to refrain from harassing or discouraging Plaintiff Jose Granda on account of his advocacy for Sara Granda.

3.     For reasonable Attorneys' fees and costs of this suit pursuant to 42 U.S.C. § 12205, 42 U.S.C. § 12188,

4.     Such other relief as the court finds just and proper.


DATED: July 16, 2021                    ARIAS SANGUINETTI WANG & TORRIJOS


                                        By  /s/ Eugene Feldman
                                        ELISE R. SANGUINETTI
                                        EUGENE FELDMAN
                                        Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES