ELISE R. SANGUINETTI, SBN: 191389
ARIAS SANGUINETTI WANG & TORRIJOS
2200 Powell Street, Suite 740
Emeryville, CA  94608
Telephone: (510) 629-4877
Facsimile:  (510) 291-9742
Email:  elise@aswtlawyers.com

Attorneys for Plaintiffs
*Sara Granda & Jose Granda*

# UNITED STATE DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| SARA GRANDA, an individual & JOSE GRANDA, an individual;<br><br>Plaintiffs,<br><br>   v.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: **2:21-cv-01256-MCE-KJN**<br><br>*Hon. Morrison C. England, Jr.*<br><br>**STIPULATION AND PROTECTIVE ORDER** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**STIPULATION AND PROTECTIVE ORDER**

LEGAL02/42745493v1

**IT IS HEREBY STIPULATED** by and between the parties to the above-captioned Proceeding, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

"Proceeding" means the above-entitled proceeding, Case No. 2:21-cv-01256-MCE-KJN.

"Court" means the United States District Court, or any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

"Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

"Confidential Materials" means any Documents, Testimony or Information as defined below designated as Confidential pursuant to the provisions of this Stipulation and Protective Order.

"Designating Party" means the Party that designates Materials as "Confidential."

"Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

"Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

"Information" means the content of Documents or Testimony.

"Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

The Designating Party shall have the right to designate as Confidential any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

Any Documents, Testimony or Information to be designated as Confidential must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The Parties may agree that the case name and number are to be part of the Confidential designation. The Confidential designation should not obscure or interfere with the legibility of the designated Information.

For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all Confidential Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii. designate the entirety of the Testimony at the deposition as Confidential (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing Confidential Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential."  If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the Confidential portions.

For written discovery in which Confidential Information is incorporated in answers to interrogatories, responses to requests for admission, or other written discovery, the Designating Party must affix the legend "Confidential" on the first page of the written discovery and on each page containing answers or responses that contain such designated material.

The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a Confidential designation, shall be without prejudice to any claim that such item is Confidential and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a Confidential designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as Confidential (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the Confidential designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. Notwithstanding the foregoing, if the receiving Party Disclosed such Document, Testimony or

Information to persons not authorized to receive such information before receipt of the Confidential designation, such Disclosure shall not be deemed a violation of this Stipulated Protective Order. In the event the receiving Party receives an Inadvertent Production Notice, the receiving Party shall either make reasonable efforts to promptly retrieve the Document, Testimony or Information or shall promptly notify the Designating Party of the distribution and the identity of the person who received the Document, Testimony or Information. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as Confidential objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its Confidential designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

Access to and/or Disclosure of Confidential Materials designated as Confidential shall be permitted only to the following persons:

         a.       the Court;

         b.       "Counsel," consisting of: (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party; and/or (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

         c.       those officers, directors, partners, members, employees, agents, and counsel of all non-designating Parties that Counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding, including, without limitation, officers, directors, partners, members, employees, agents, and counsel for Parties' insurers ("Insurers"); provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee, agent, counsel, or Insurer, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

         d.       court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

         e.       any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

         f.       any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

**STIPULATION AND PROTECTIVE ORDER**

LEGAL02/42745493v1

    g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

    i. outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in these Actions;.

    j. outside trial consultants (including graphics consultants) retained by a Party to assist in prosecuting or defending these Actions;

    k. any mediator or arbitrator that the Parties engage in these Actions or that this Court appoints;

    l. persons for whom counsel for Plaintiff or Defendants believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document; and

    m. any other person that the Designating Party agrees to in writing.

 Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

This Order shall not restrict a Designating Party from using or disclosing its own information designated as Confidential Material, as long as the information does not compromise the privacy rights or privileges of another party. Additionally, this Order does not restrict a Plaintiff from disclosing his or her medical records, to the extent designated as Confidential Material, to others.

Nothing in this order prevents disclosure of Confidential Information by any Party with the consent of the Protected Person that designated the material as Confidential Information.

Nothing in this order prevents disclosure by a Party of Confidential Information that is (a) publicly known through no fault of that Party; (b) lawfully acquired by or known to that Party independent of receipt in discovery in these Actions; (c) previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) produced in accordance with an order of this Court.

Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as Confidential under the terms of this Stipulation and Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or

as to any particular Document, Material or Information.

Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy of Exhibit "A" hereto and filing the same with the Court, and serving copies of such signed and dated Exhibit "A" upon the other Parties to this Stipulation and Protective Order.

Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as Confidential under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

The Parties shall meet and confer regarding the procedures for use of any Confidential Materials at trial and shall move the Court for entry of an appropriate order.

Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agrees to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

This Stipulation and Protective Order shall apply to this Proceeding.

This Stipulation and Protective Order may be executed in counterparts.

Dated: March 13, 2023        **ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

                             By:    /s/ Elise Sanguinetti
                                    ELISE R. SANGUINETTI
                                    Attorneys for Plaintiffs

Dated: March 13, 2023        **ALSTON & BIRD, LLP**

                             By:    /s/ Lisa Garcia
                                    JASON LEVIN
                                    LISA GARCIA
                                    Attorneys for CalPERS

**ORDER**

The court has reviewed the parties' stipulated protective order.  (See ECF No. 31.)  The stipulation comports with the relevant authorities and the court's applicable local rule.  See L.R. 141.1.  The court APPROVES the protective order, subject to the following clarification.  The Local Rules state that once an action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  L.R. 141.1(f); see also, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017) (noting that courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case).  Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated:  March 14, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gran.1256

# EXHIBIT A

### CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, Granda v. CalPERS. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I hereby consent to be subject to the personal jurisdiction of the Los Angeles County Superior Court in Los Angeles, California with respect to any proceeding arising out of or relating to the enforcement of the Protective Order, including any proceeding relating to contempt of court.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED: _____     BY: _____
                                    Signature

                                    _____
                                    Title

                                    _____
                                    Address

                                    _____
                                    City, State, Zip

                                    _____
                                    Telephone Number

                                    _____
                                    Email