ELISE R. SANGUINETTI (SBN 191389)
**ARIAS SANGUINETTI WANG & TORRIJOS**
2200 Powell Street, Suite 740
Emeryville, CA 94608
Telephone: (510) 629-4877
Email: elise@aswtlawyers.com

*Attorneys for Plaintiffs Sara Granda and Jose Granda*

PAUL L. GARCIA (SBN 302694)
**HOOPER LUNDY & BOOKMAN P.C.**
101 W. Broadway, Suite 1200
San Diego, CA 92101
Telephone: (619) 744-7300
E-Mail:   pgarcia@hooperlundy.com

*Attorneys for Plaintiff Sara Granda*

ALICIA W. MACKLIN (SBN 266325)
ANELIESE I. CASTRO (SBN 352612)
**HOOPER LUNDY & BOOKMAN P.C.**
1875 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 551-8111
E-Mail:   amacklin@hooperlundy.com
          acastro@hooperlundy.com

*Attorneys for Plaintiff Sara Granda*

ERIN SCLAR (SBN 334471)
**HOOPER LUNDY & BOOKMAN P.C.**
44 Montgomery Street, Suite 3500
San Francisco, California 94104
Telephone:  (415) 875-8500
E-Mail:   esclar@hooperlundy.com

*Attorneys for Plaintiff Sara Granda*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| SARA GRANDA, an individual, and JOSE GRANDA, an individual,<br><br>       Plaintiffs,<br><br>    vs.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. 2:21-cv-01256-MCE-CSK<br><br>Hon. Morrison C. England, Jr.<br><br>**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Trial Date:      None Set |

Pursuant to Federal Rule of Civil Procedure 65 and Eastern District Local Rule 231, Plaintiff Sara Granda ("Sara" or "Plaintiff") submitted an ex parte motion with notice, seeking a narrow temporary restraining order that requires Defendant California Public Employees' Retirement System ("Defendant") to: (1) provide Sara appropriate 24-hour skilled nursing care from qualified Licensed Vocational Nurses ("LVNs") and Registered Nurses ("RNs") to ensure that Sara can receive care in the least restrictive environment possible, her home; (2) provide reimbursement rates sufficient to ensure the provision of such care; (3) provide sufficient care coordination to manage such care; and (4) meet with Sara in light of any changed circumstances related to Sara's care needs.

After consideration of Sara's motion, the memorandum of points and authorities, declarations, other evidence in support thereof, and the entire record, the Court hereby GRANTS Sara's application for a temporary restraining order and ORDERS Defendant to show cause why a preliminary injunction should not issue.

The Court finds that Sara has demonstrated (1) a likelihood of immediate and irreparable harm to Sara due to serious risks of institutionalization, medical complications, or death based on Defendant's failure to provide Sara with sufficient skilled nursing care and care coordination for Sara to remain in her home; (2) a likelihood of success on the merits of the claims; (3) that on balance, the equities tip in Sara's favor; and (4) that the injunctive relief requested here is in the public interest.

## **TEMPORARY RESTRAINING ORDER**

Accordingly, pending hearing on the Order to Show Cause re: Preliminary Injunction, it is hereby ORDERED:

(a) Defendant shall within 48 hours of this Order provide to the Court and Sara's counsel, a written report advising how Defendant will provide Sara with appropriate 24-hour skilled nursing care from qualified LVNs and RNs;

(b) Defendant shall within 48 hours of this Order, provide reimbursement

1 rates necessary to ensure Sara receives 24-hour skilled nursing care from qualified
2 LVNs and RNs;
3     (c) Defendant shall within 48 hours of this Order provide care coordination
4 support services to manage Sara's care;
5     (d) Defendant shall within 48 hours of this Order be required to provide to the
6 Court and Sara's counsel a written report advising how Defendant will ensure
7 proper care coordination support for Sara, including the provision of case
8 management services;
9     (e)     Defendant shall within 48 hours of this Order be required to meet and
10 confer with Sara regarding any changed circumstances since the 1998 Agreement,
11 related to Sara's care needs.
12
13 **ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**
14     Defendant is hereby ORDERED TO SHOW CAUSE why preliminary
15 injunction should not issue continuing the above Temporary Restraining Order and
16 is FURTHER ORDERED to appear before this Court on June 5, 2024, at 10:00 a.m.
17 via Zoom.[1] Plaintiff shall file any additional brief and supporting evidence for its
18 requested motion for preliminary injunction by May 22, 2024; Defendant shall file
19 its opposition to the motion for preliminary injunction by May 29, 2024, and
20 Plaintiff shall file her reply brief by June 3, 2024. No bond shall issue.
21     IT IS FURTHER ORDERED THAT:
22     1.     This Temporary Restraining Order is effective immediately upon
23 issuance;

---

[1] The Court specifically finds that exigent circumstances exist in this particular case that warrant extending the time under which a Temporary Restraining Order would normally expire under Federal Rule of Civil Procedure 65. The Court determines that a 21-day period is necessary here, but of course the parties may stipulate to extend this period as well.

2. A copy of this Order shall be served on Defendant via email by no later than May 15, 2024; AND

3. Defendant shall file status reports regarding compliance with this Order each Monday until the hearing on the Order to Show Cause why a preliminary injunction should not issue.

IT IS SO ORDERED.

Dated: May 29, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE