ELISE R. SANGUINETTI, SBN 191389
MATTHEW J. KITA, SBN 321652
**ARIAS SANGUINETTI WANG & TEAM LLP**
2033 N. Main Street, Suite 1000
Walnut Creek, California 94596
Telephone: (510) 629-4877
Facsimile: (510) 291-9742
Elise@aswtlawyers.com
Matthew@aswtlawyers.com
Ncservice@aswtlawyers.com

Attorneys for Plaintiffs
SARA GRANDA AND JOSE GRANDA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| SARA GRANDA, an individual, JOSE GRANDA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM and DOES 1 - 10, inclusive,<br><br>Defendants. | CASE NO. 2:21-CV-01256-DAD-CSK<br><br>*Hon. Dale A. Drozd*<br><br>**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ELISE R. SANGUINETTI AND MATTHEW J. KITA**<br><br>**Date: Monday, June 15, 2026**<br>**Time: 1:30 p.m.**<br>**Location: Courtroom 4, Fourth Floor**<br><br>Complaint Filed: July 16, 2021<br>Trial Date:          None |

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFFS**

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, June 15, 2025 at 1:30 p.m., at the Robert T. Matsui United States Courthouse, 501 I St # 4200, Sacramento, CA 95814, or as soon they may be heard, counsel for Plaintiffs Sara Granda and Jose Granda will request the Court for an order permitting them to withdraw as counsel of record in this case. This motion is supported by the attached Memorandum of Points and Authorities and the Declaration of Counsel for Plaintiffs.

Dated: April 28, 2026        **ARIAS SANGUINETTI WANG & TEAM LLP**

By:    */s/ Matthew J. Kita*
         ELISE R. SANGUINETTI
         MATTHEW J. KITA
         *Attorneys for Plaintiffs*

//

//

//

//

//

//

//

//

//

//

//

//

//

-2-

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFFS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This action relates to claims by Plaintiffs Sara Granda and Jose Granda alleging that Defendant CalPERS violated the Americans with Disabilities Act through its failure to ensure adequate pay and benefits to nurses which affected the availability of nurses to care for her at home for her life-threatening conditions requiring life-sustaining nursing care.

**II. STATEMENT OF FACTS**

**A.     Background**

Defendant CalPERS filed its Motion for Summary Judgment in this matter on May 30, 2025. ECF 136. Plaintiffs subsequently filed their opposition in response. ECF 140. The matter came before the Court for hearing on August 4, 2025. On March 31, 2026, this Court entered its Order Granting Defendant's Motion for Summary Judgment. ECF 157.

**B.     An Irreconcilable Conflict Has Arisen Between the Plaintiffs and Counsel**

As stated in the Declarations of Elise Sanguinetti and Matthew Kita, concurrently filed herewith, there are irreconcilable differences between them their clients (Plaintiffs Sara Granda and Jose Granda), making it unreasonably difficult for them to carry out effective representation.

**III. APPLICABLE LEGAL STANDARDS AND ARGUMENT**

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." Local Rule 182(d).

Lawyers, however, *may* withdraw from representing a client if the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively. See, California Rules of Professional Conduct 1.16(b)(4).

**A.     Permissive Withdrawal**

Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).  In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants;

-3-

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFFS**

(3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. City of Fresno,* 562 F.Supp.3d 1032, 1035 (E.D. Cal. 2021) (citations omitted). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

**B.      Counsel Should Be Permitted to Withdraw**

Counsel has been diligent in litigating this case and has seen the matter through the granting of summary judgment in favor of the opposing party. Counsel's retainer agreement with Plaintiffs only covers representation in this Court and does *not* include obligate Counsel to provide appellate representation. As this Court has signed its judgment in this proceeding, Counsel's representation is complete upon filing a notice of appeal in *this* Court on Plaintiffs' behalf. Fed. R. App. P. 4(a)(1)(A). Counsel filed a notice of appeal on Plaintiff's behalf immediately before filing this motion. If counsel is permitted to withdraw, Plaintiffs will have ample opportunity able to identify and retain an attorney to carry the case through appeal (if that is the Plaintiffs' choice).

**IV. CONCLUSION**

Plaintiffs' counsel Elise Sanguinetti, Matthew Kita, and their law firm Arias Sanguinetti Wang & Team LLP, respectfully request that the Court grant counsel and its firm to entirely withdraw from their representation of Plaintiffs this matter.

Dated: April 28, 2026                    **ARIAS SANGUINETTI WANG & TEAM LLP**

By:      */s/ Matthew J. Kita*
          ELISE R. SANGUINETTI
          MATTHEW J. KITA
          *Attorneys for Plaintiffs*

-4-

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFFS**

**DECLARATION OF ELISE R. SANGUINETTI**

I, Elise R. Sanguinetti, state:

1.      I am an attorney of record for the plaintiffs Sara Granda and Jose Granda, and am a partner with the law firm Arias Sanguinetti Wang and Team, LLP. If called upon, I can and will testify to the following of my own personal knowledge.

2.      There are and have been irreconcilable differences with Sara Granda and Jose Granda, making it unreasonably difficult for me to carry out the representation of them effectively.

3.      As a result, and in the context of other communications with the plaintiffs, I am filing this motion for leave to withdraw as counsel for the plaintiffs in this case as the Motion for Summary Judgment was granted in favor of Defendant and my representation of Plaintiffs effectively ended at that time absent any agreed-upon retainer agreement for initiating an appeal, which has not been agreed upon.

4.      On April 28, 2026, my office notified the plaintiffs that as a result of our differences my office would be filing a motion for leave to withdraw as counsel in this case.

5.      My office has arranged for a true and correct copy of the entirety of the Motion to Be Relieved as Counsel to be emailed this same date to Plaintiffs Sara Granda and Jose Granda at the email addresses that we have used to maintain regular correspondence through the present date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of April, 2026, at Walnut Creek, California.


/s/ Elise R. Sanguinetti
Elise R. Sanguinetti

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFFS**

## DECLARATION OF MATTHEW J. KITA

I, Matthew J. Kita, state:

1.    I am an attorney of record for the plaintiffs Sara Granda and Jose Granda, and am an attorney with the law firm Arias Sanguinetti Wang and Team, LLP. If called upon, I can and will testify to the following of my own personal knowledge.

2.    There are and have been irreconcilable differences with Sara Granda and Jose Granda, making it unreasonably difficult for me to carry out the representation of them effectively.

3.    As a result, and in the context of other communications with the plaintiffs, I am also filing this motion for leave to withdraw as counsel for the plaintiffs in this case.

4.    I am aware that on May 13, 2025, this Court made a docket entry (ECF 135) stating the following:

> The court has been apprised that plaintiff Sara Granda has attempted to file directly with the court. Even considering the [Court's] notices, plaintiff Sara Granda is still represented by counsel in this matter. Unless and until plaintiff Sara Granda terminates her counsel, any filings from plaintiff Sara Granda, except those filed through counsel, will be disregarded as unauthorized.

5.    Sara Granda and Jose Granda have—on their own—prepared a motion for post-judgment relief from this Court, which neither Ms. Sanguinetti nor I have prepared or reviewed.

6.    Yesterday, April 27, 2026, I contacted the CM/ECF division of the District Clerk's office via telephone and asked an employee of that division if Ms. Sanguinetti or I could e-file their *pro se* motion for Sara Granda and Jose Granda, because the filing deadline for such motions is *today*, April 28, 2026.

7.    From this conversation, I learned any filings that are *not* signed by counsel would be rejected by CM/ECF *so long as Sara Granda and Jose Granda represented by counsel*.

8.    It is my understanding that Sara Granda and Jose Granda's *pro se* motions have been deposited in the U.S. mail today, April 28, 2026, in an envelope addressed to the Court.

9.    Sara Granda and Jose Granda emailed the *pro se* motions that they mailed to the Court.

10.    In an effort to ensure that this Court timely receives Sara Granda and Jose Granda's

-1-
**PROOF OF SERVICE**

*pro se* post-judgment motion, and that any arguments presented therein are preserved for this Court's review, I have attached the document that is being mailed to the Court as Exhibit "A" to this Declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of April, 2026, at Dallas, Texas.

/s/ Matthew J. Kita
Matthew J. Kita

-2-

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFFS**