**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

AND FOR LIMITED RELIEF UNDER RULES 56(e) AND 62

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

SARA GRANDA; JOSE GRANDA,
Plaintiffs,

v.

CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM (CalPERS),
Defendant.

Case No. 2:21-cv-01256-DAD-CSK

**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**

AND FOR LIMITED RELIEF UNDER RULES 56(e) AND 62

Plaintiffs Sara Granda and Jose Granda respectfully move under Federal Rules of Civil Procedure 59(e) and 62 for limited post-judgment relief.

This motion presents a narrow structural question: whether ADA insurance safe harbor, 42 U.S.C. § 12201(c), was applied at a level of generality that did not fully resolve the structure to which the doctrine attaches. Plaintiffs do not seek to relitigate the merits or expand the scope of the case.

Plaintiffs recognize that the Court resolved the issue presented by Defendant's motion and do not seek to disturb that determination as framed. This motion does not challenge the Court's disposition of the arguments placed before it. Rather, it respectfully addresses a different question reflected in the record: whether the application of ADA insurance safe harbor, as a dispositive doctrine, presupposes a structural determination that was not the issue presented for decision at summary judgment.

**I. LEGAL STANDARD**

Relief under Rule 59(e) is appropriate where necessary to address a dispositive legal determination in light of the governing record and applicable law. See School District No. 1J v. ACandS, Inc..

Rule 56(e) permits the Court to address deficiencies in the summary judgment record where the record does not fully support a legal conclusion reached. See Celotex Corp. v. Catrett; Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc..

Rule 62 authorizes limited relief necessary to preserve the status quo while post-judgment review is pending. See Nken v. Holder.

## II. THE COURT RESOLVED THE SUMMARY JUDGMENT MOTION AS PRESENTED AND BASED ON THE RECORD BEFORE IT

The Court's role at summary judgment is necessarily limited to the record and the issues presented by the moving party.

Here, the Court resolved Defendant's motion as framed and based on the record before it. Plaintiffs do not challenge that determination. The Court's ruling reflects the arguments presented and the record as framed, without resolving whether the arrangement itself constitutes a defined plan structure.

## III. THE SUMMARY JUDGMENT MOTION DID NOT PRESENT, AND THE RECORD DID NOT RESOLVE, THE STRUCTURAL QUESTION NECESSARY FOR SAFE HARBOR APPLICATION

The dispositive issue raised concerned ADA insurance safe harbor.

However, the motion did not present—and the record does not fully resolve—the antecedent structural question: what defined plan structure the doctrine attaches to.

The record reflects that the arrangement at issue originated as a beneficiary-specific framework, was later modified through individualized correspondence, and has been administered outside ordinary plan mechanisms. It does not appear in standard Evidence of Coverage provisions and is not processed through conventional utilization review or grievance channels.

This motion does not revisit factual determinations. It asks whether the structure reflected in that record was sufficiently defined to support application of safe harbor as a dispositive doctrine.

## IV. THE EXISTENCE OF A BROADER PLAN SYSTEM DOES NOT SUBSTITUTE FOR IDENTIFICATION OF THE STRUCTURE AT ISSUE

Defendant administers a broader health benefits system. Some aspects of that system may fall within traditional plan design frameworks.

However, the applicability of ADA insurance safe harbor depends on the structure to which it is applied. The existence of a broader system does not substitute for identifying the specific structure governing the arrangement at issue.

Here, that specific structural determination does not appear to be resolved in the record.

## V. THE RECORD DOES NOT ESTABLISH THE ELEMENTS NECESSARY TO APPLY SAFE HARBOR TO THE ARRANGEMENT AT ISSUE

Safe harbor presupposes that the arrangement at issue reflects a plan structure supported by recognized principles such as risk classification or actuarial grounding.

The record does not appear to establish those elements with respect to the arrangement at issue. The record does not identify actuarial classification, standardized risk pooling, or other features typically associated with defined plan terms, leaving the structural basis for applying safe harbor incompletely resolved.

Because safe harbor operates as an affirmative defense, its application presupposes that the record establishes the structure to which the doctrine attaches. Where that structure is not clearly resolved, Rule 56(e) supports limited clarification before the defense carries dispositive weight.

## VI. THE ARRANGEMENT REFLECTED IN THE RECORD IS NOT CLEARLY IDENTIFIED AS A PLAN STRUCTURE

The record reflects an arrangement that may be characterized as reimbursement-focused rather than fully operationalized within a defined administrative structure.

Instead, the record reflects a structure in which authorization exists but implementation depends on individualized coordination and reimbursement, rather than a defined, system-based delivery model.

This raises a threshold question as to whether the arrangement is sufficiently defined as a plan structure for purposes of applying ADA insurance safe harbor.

## VII. PRIOR SAFE HARBOR CASES PRESUPPOSE A DEFINED PLAN STRUCTURE AND DO NOT ADDRESS THE THRESHOLD QUESTION PRESENTED HERE

Prior safe harbor cases evaluate distinctions within defined plan structures and proceed from the existence of an identifiable plan term.

The present motion raises a different question: whether the arrangement at issue is sufficiently defined as a plan structure for that analysis to apply in the first instance.

Because those cases presuppose the existence of such a structure, they do not resolve the threshold question presented here.

## VIII. THIS MOTION PRESENTS A NARROW RULE 59(e) REQUEST DIRECTED TO THAT STRUCTURAL QUESTION

This motion does not seek to revisit factual determinations or reargue the merits.

It presents a narrow question: whether the Court's dispositive application of ADA insurance safe harbor presupposes a defined structure that the record does not fully resolve.

That request is directed to clarification of the analytical framework underlying the judgment and falls within the scope of Rule 59(e).

## IX. LIMITED RULE 62 RELIEF IS REQUESTED TO PRESERVE THE STATUS QUO DURING REVIEW

The practical effect of the judgment extends beyond litigation posture to the continuity of a life-sustaining care arrangement.

Limited preservation of the status quo would ensure that the Court's consideration of post-judgment relief proceeds on a stable factual footing.

Plaintiffs do not seek expansion of services or modification of the underlying structure at this stage. The request is limited to maintaining existing operational stability while the Court considers this motion.

## X. LIMITED CLARIFICATION REGARDING JOSE GRANDA

Jose Granda's position is presented for limited clarification only and does not expand the scope of this motion.

He is a plan subscriber who has incurred independent financial obligations associated with the arrangement at issue and has not consented to being treated solely as a derivative participant in a beneficiary-specific structure.

To the extent relevant, his position underscores the same structural question presented by this motion and preserves his independent interests without altering the motion's scope.

## XI. CONCLUSION

Plaintiffs do not seek to reopen this case in full or to revisit every issue previously decided.

They respectfully request a more limited form of review. The judgment rests on ADA insurance safe harbor as a dispositive basis. Plaintiffs submit that, in this singular posture, the record does not fully resolve the structural question necessary to support that application.

Plaintiffs therefore respectfully request that the Court:

1. Alter or amend the judgment under Rule 59(e);
2. Permit limited clarification under Rule 56(e);
3. Grant relief under Rule 62 to preserve the status quo; and
4. Grant such further relief as the Court deems appropriate.

DATED: April 28, 2026

/s/ Sara Granda
 Sara Granda

/s/ Jose Granda
 Jose Granda

**DECLARATION OF SARA GRANDA**

I, Sara Granda, declare:

1. I am a Plaintiff in this action and have personal knowledge of the matters stated herein.
2. I am a ventilator-dependent individual who requires continuous skilled nursing care to maintain my health and safety.
3. The care arrangement at issue has required ongoing coordination to maintain continuity of services.
4. Any disruption in that continuity creates risk to my health and stability.
5. The limited relief requested under Rule 62 is intended solely to preserve the existing operational status of my care while the Court considers the issues raised in Plaintiffs' motion.
6. I am not seeking expansion of services through this motion, but only stability during post-judgment review.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: April 28, 2026

/s/ Sara Granda
 Sara Granda

**Declaration of Jose Granda**

I, Jose J. Granda, declare as follows:

1. I am a plaintiff in this action. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.
2. I am Sara Granda's father. I am also the main subscriber to the CalPERS Platinum health insurance coverage under which Sara Granda has been insured.
3. Over the course of this matter, I have personally advocated with CalPERS and others on Sara Granda's behalf concerning her access to continuous skilled nursing care and the practical failures in the structure under which that care has been delivered.
4. My claim in this case is not based only on generalized concern for my daughter. I have suffered separate and direct harms arising from defendant's conduct, including personal financial injury and harms associated with my advocacy on Sara Granda's behalf.
5. I have personally paid substantial amounts out of pocket for nursing-related expenses when necessary to prevent interruptions in Sara Granda's care and to address instability in the absence of a functioning implementation structure.
6. Based on my records, the amounts I paid for nursing-related expenses include the following:
     - $10,468.55 in 2021;
     - $58,517.73 in 2022;
     - $71,004.83 in 2023; and
     - $23,706.40 in 2024.
7. Based on those records, I contend that CalPERS owes me reimbursement in the total amount of $163,697.51. These expenditures reflect continuing instability in Sara Granda's care structure, not resolution of the issues underlying this action.
8. I also understand that separate unreimbursed amounts were incurred by Sara Granda for similar reasons.
9. I did not intend to concede, and I do not concede, that my claim automatically rises or falls with Sara Granda's claim. I did not intend to agree that my claim should be extinguished solely because the Court ruled against Sara Granda on the safe-harbor issue.
10. My injuries are distinct from Sara Granda's in that they affect me personally, including my own financial stability, the out-of-pocket expenditures I have made, and the consequences I have experienced as a result of my advocacy and the continuing instability in Sara Granda's care.
11. I have continued working well beyond the age at which I expected to retire because Sara Granda's care structure has remained unstable and because interruptions in the funding and implementation of her nursing care have created continuing financial and practical burdens.
12. The current posture of this case has direct impact on me personally because the lack of a stable and lawful care structure for Sara Granda continues to generate financial

    pressure, uncertainty, and the need for ongoing intervention by family members, including me.

13. In my experience, the instability in Sara Granda's nursing care has not been theoretical. It has created recurring practical crises concerning whether coverage, reimbursement, and actual nursing continuity will hold together.

14. I respectfully submit this declaration to make clear that my claim and my injuries are not exhausted by the legal characterization of Sara Granda's safe-harbor issue and that I have personally suffered distinct harm requiring separate consideration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: April 28, 2026

/s/ Jose J. Granda

Jose J. Granda

## PROOF OF SERVICE

SARA GRANDA, et al. v. CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, et al.
Eastern District - Court Case No: 2:21-CV-01256-DAD-CSK

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2033 N. Main Street, Suite 1000, Walnut Creek, California 94596. On April 28, 2026, I served the within documents: **PROOF OF SERVICE OF MAILING OF PLAINTIFF SARA GRANDA'S PRO SE MOTION TO ALTER OR AMEND JUDGMENT**

(XX) by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, via certified mail with return receipt requested, in the United States mail at Walnut Creek, California, addressed as set forth below.

*Attorneys for Defendant:*
**California Public Employees' Retirement System**
Jason Levin
Lisa Garcia
Alina Ananian
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Tel: (213) 576-1000
Fax: (213) 576-1100
Jason.Levin@alston.com
Lisa.Garcia@alston.com
Alina.Ananian@alston.com

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the US Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed April 28, 2026, at Walnut Creek, California.

Lena Hossain

-2-
PROOF OF SERVICE