UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA GRANDA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CALIFORNIA PUBLIC EMPLOYEES'<br>RETIREMENT SYSTEM,<br><br>        Defendant. | No.  2:21-cv-01256-DAD-CSK<br><br>ORDER GRANTING ATTORNEYS ELISE R. SANGUINETTI AND MATTHEW J. KITA'S MOTION TO WITHDRAW AND DENYING PLAINTIFFS' MOTIONS TO ALTER OR AMEND THE JUDGMENT AND FOR PROTECTIVE RELIEF AND ENFORCEMENT OF PRIOR ORDERS<br><br>(Doc. Nos. 160, 162, 163) |

Attorneys Elise R. Sanguinetti and Matthew J. Kita filed a motion to withdraw as plaintiffs' attorneys of record on April 28, 2026, which came before the court on June 22, 2026 for a hearing.  (Doc. No. 160.)  Plaintiffs' attorneys Elise R. Sanguinetti and Matthew J. Kita and plaintiffs Sara Granda and Jose Granda appeared by video at that hearing.  (Doc. No. 172.) Attorney Lisa Garcia appeared by video on behalf of defendant California Public Employees' Retirement System ("CalPERS").  (*Id.*)  Also before the court are plaintiffs' *pro se* motion to alter or amend the judgment (Doc. No. 162) and plaintiffs' *pro se* emergency motion for protective relief and enforcement of prior orders (Doc. No. 163).  For the reasons explained below, the court will grant counsels' motion to withdraw and deny plaintiffs' *pro se* motions.

1

## BACKGROUND

Plaintiffs filed their complaint in this action on July 16, 2021.  (Doc. No. 1.)  On May 15, 2024, the previously assigned district judge issued a temporary restraining order (Doc. No. 51), and on May 20, 2024, the court ordered defendant to comply with the terms of that temporary restraining order (Doc. No. 55).  Although the court issued an order to show cause why a preliminary injunction should not issue (Doc. No. 51), the parties repeatedly stipulated to extend the briefing schedule as to such motion, and the court never ruled on any motion for preliminary injunction brought on behalf of plaintiffs.  (Doc. Nos. 68, 93, 101, 112, 118.)

On March 31, 2026, the undersigned granted defendant's motion for summary judgment in its favor.  (Doc. No. 157.)  On April 28, 2026, attorneys Sanguinetti and Kita filed a notice of appeal and their pending motion to withdraw as plaintiffs' counsel of record.  (Doc. No. 160.)  In two declarations attached to the motion, attorneys Sanguinetti and Kita state that "[t]here are and have been irreconcilable differences with Sara Granda and Jose Granda, making it unreasonably difficult for me to carry out the representation of them effectively."  (*Id.* at 5–6.)

On April 30, 2026, plaintiffs filed a *pro se* motion to alter or amend the judgment.  (Doc. No. 162.)  On May 6, 2026, plaintiffs filed a *pro se* emergency motion for protective relief and enforcement of prior orders.  (Doc. No. 163.)  On May 14, 2026, defendant filed an opposition to plaintiffs' *pro se* motion to alter or amend the judgment.  (Doc. No. 166.)  On May 21, 2026, plaintiffs filed their reply thereto.  (Doc. No. 167.)

## LEGAL STANDARD

**A.     Motion to Withdraw**

An attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").  In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of

2

Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d).  Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if "the client discharges the lawyer."  Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).

In contrast, withdrawal is not mandatory if it is based on the grounds listed in Rule 1.16(b) of the California Rules of Professional Conduct, in which case the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court.  "In ruling on a motion to withdraw as counsel, courts consider:  (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

**B.      Motion to Alter or Amend the Judgment**

Rule 59(e) "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Rule 59(e)); *see also Goodlow v. Camacho*, No. 3:18-cv-0709-CAB-MDD, 2020 WL 6799381, at *1 (S.D. Cal. Nov. 19, 2020) (noting that parties may not use Rule 59(e) to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (the moving party must show "more than a disagreement with the Court's decision, and [that] recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden"); *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("[C]ourts avoid considering Rule 59(e) motions where the grounds

3

for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment.").

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).  A Rule 59(e) motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

**DISCUSSION**

**A.     Motion to Withdraw**

First, the court notes that plaintiffs have filed a notice of appeal from the court's judgment dated March 31, 2026 (Doc. No. 158).  (Doc. No. 159.)  "The Ninth Circuit follows the general rule, with some exceptions, that the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed." *Donovan v. Mazzola*, 761 F.2d 1411, 1414 (9th Cir. 1985).  Nevertheless, the "filing of a notice of appeal does not divest a district court of its jurisdiction over matters ancillary to the appeal[.]" *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015).  "Counsel's withdrawal is not an aspect of the issues on appeal.  Therefore, the Court retains jurisdiction to rule on Counsel's motion." *Cisco Sys., Inc. v. Sheikh*, No. 4:18-cv-07602-YGR, 2022 WL 22913585, at *1 (N.D. Cal. June 1, 2022); *see also Heilman v. Silva*, No. 13-cv-02984-JLS-AGS, 2019 WL 13562174, at *1–2 (S.D. Cal. June 3, 2019) (same); *Lambright v. Schriro*, No. 87-cv-00235-TUC-JMR, 2004 WL 7338799, at *1 (D. Ariz. Nov. 18, 2004) (same).  Attorneys Sanguinetti and Kita agreed at the hearing that their pending motion seeks an order granting them leave to withdraw only with respect to proceedings before the district court, and that any motion to withdraw, if necessary, as counsel on appeal before the Ninth Circuit will need to be raised before that court.  *See Darby v. City of Torrance*, 810 F. Supp. 275, 276–77

4

(C.D. Cal. 1992) (noting that counsel "must seek the permission of the Ninth Circuit if he wishes to withdraw as counsel in regards to matters pending before that Court").

"An attorney may seek to withdraw representation where the client's conduct renders it unreasonably difficult for counsel to carry out the employment effectively." *Doe v. Adams*, No. 1:21-cv-01103-NONE-SAB, 2022 WL 22934854, at \*3 (E.D. Cal. Jan. 27, 2022).  Here, attorneys Sanguinetti and Kita have represented that irreconcilable differences have arisen between counsel and plaintiffs, which the court finds to be good cause for withdrawal.  *See Iskander v. Otay Mesa Det. Ctr.*, No. 24-cv-01572-GPC-VET, 2024 WL 4983155, at \*2 (S.D. Cal. Dec. 3, 2024) ("While counsel does not expand on what the irreconcilable differences are, the Court acknowledges that the details may be covered by the attorney-client privilege.") (collecting cases).[1]

Neither defendant nor plaintiffs have filed an opposition to the motion to withdraw, though plaintiffs did orally oppose the motion at the June 22, 2026 hearing.  That opposition was specifically limited to the motion to withdraw as counsel of record for purposes of proceedings before this district court, with plaintiffs indicating that they did not desire for their counsel in this action to represent them on appeal.  Plaintiff Jose Granda argued that, unlike his daughter, he is not an attorney and would find it difficult to navigate the litigation process should his attorneys be permitted to withdraw.  He further argued that his attorneys forced plaintiffs to file post-judgment motions *pro se* by refusing to file those motions themselves.  The court finds that plaintiffs would, in fact, be prejudiced if the court did *not* permit the attorneys to withdraw because plaintiffs' *pro se* post-judgment motions would need to be denied as improperly filed if plaintiffs were to remain represented.  "It thus does not appear that the withdrawal will prejudice any of the litigants." *Id.*

/////

/////

---

[1]  It appears to the court, based upon the position of plaintiffs and their counsel as stated at the hearing on this motion, that there may have been disagreement between them as to whether the filing of any post–summary judgment motion in the district court was well–taken and should be pursued.

"[N]or is it clear that withdrawal would severely harm the administration of justice, since [plaintiffs have] demonstrated [their] ability to file motions and otherwise competently participate in this case[.]" *Heilman*, 2017 WL 822164, at *3; (Doc. No. 162).

Finally, because the court has granted summary judgment in this case (Doc. No. 158) and plaintiffs appear prepared to move forward with motions for post-judgment relief *pro se* (Doc. No. 162), the court anticipates no unnecessary delay to the resolution of the case.  Accordingly, the court finds that counsel have demonstrated good cause to withdraw.

There are two final requirements.  As to the requirement that counsel detail efforts to notify plaintiffs of the motion, they have done so here.  (Doc. No. 160 at 5.)  As to the requirement that counsel provide the court with plaintiffs' last known addresses, that has been accomplished at the June 22, 2026 hearing on the motion.  As such, the court will grant counsel's motion to withdraw.

Further, pursuant to Local Rule 133(b)(2), it is "within the [court's] discretion to grant or deny" a *pro se* plaintiff access to electronic filing.  *Seifert v. Pritchard*, No. 1:24-cv-01097-CDB, 2024 WL 4625942, at *1 (E.D. Cal. Oct. 30, 2024).  Here, the court will grant plaintiffs permission to file electronically given the representations made at the June 22, 2026 hearing regarding plaintiff Sara Granda's disability, which demonstrate that there are "new or different facts or circumstances[,]" which render electronic filing particularly necessary in this case.  *Id.* at *2.

Below the court turns to address the *pro se* motions filed by plaintiffs.

**B.      Plaintiffs' *Pro Se* Motions**

Plaintiffs argue that the court should alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e)[2] because the insurance agreement was modified through "individualized correspondence, and has been administered outside ordinary plan mechanisms" and "does not

---

[2] Defendant argues that plaintiffs' motion pursuant to Rule 59(e) is untimely because it was not filed within 28 days of the entry of judgment. (Doc. No. 166 at 2.)  However, because plaintiffs' counsel attached the *pro se* motion to their motion to withdraw, which was filed exactly 28 days after the court's entry of judgment, the court finds that the Rule 59(e) motion was timely filed and it therefore will be considered on the merits. (Doc. No. 160-1.)

appear in standard Evidence of Coverage provisions[.]" (Doc. No. 162 at 2.) It is undisputed that the separate agreement between the parties, which was also raised in the parties' summary judgment briefing, modified the insurance agreement, and therefore the court finds that this separate agreement qualified as a term of the insurance agreement for purposes of the safe harbor exception. *See E.E.O.C. v. Flambeau, Inc.*, 131 F. Supp. 3d 849, 855 (W.D. Wis. 2015), *aff'd,* 846 F.3d 941 (7th Cir. 2017) (finding that a wellness program prerequisite to enrollment qualified as an insurance plan "term" to which the insurance safe harbor exception applied because the wellness program requirement was included in "handouts" to potential insureds).

In addition, plaintiffs argue that the court should permit limited clarification of the judgment because plaintiff Jose Granda "has incurred independent financial obligations associated with the arrangement at issue and has not consented to being treated solely as a derivative participant in a beneficiary-specific structure." (Doc. No. 162 at 4.) Plaintiffs' single claim alleges discrimination pursuant to the Americans with Disabilities Act ("ADA") only on the basis of plaintiff *Sara* Granda's disability. Even assuming plaintiff Jose Granda incurred independent financial obligations as a result of that alleged discrimination, his claim, like plaintiff Sara Granda's claim, rests on whether defendant's actions with regard to plaintiff Sara Granda's disability have violated the ADA. In this regard, the court finds that plaintiff Jose Granda's claim is wholly derivative of plaintiff Sara Granda's claim.

Next, plaintiffs request an injunction pending appeal to preserve the *status quo* pursuant to Federal Rule of Civil Procedure 62. "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). "The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016). For the same reasons discussed above and in the court's March 31, 2026 order granting defendant's motion for summary judgment (Doc. No. 157), the court finds that plaintiffs have not "demonstrate[d] that serious legal questions are raised[.]" *Lopez v.*

7

*Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).  Therefore, the court will deny plaintiffs' request for an injunction pending appeal.

Finally, plaintiffs filed an emergency motion for protective relief and enforcement of the court's May 15, 2024 temporary restraining order (Doc. No. 51) and May 20, 2024 order compelling compliance with that order (Doc. No. 55).  (Doc. No. 163 at 6.)  Typically, a temporary restraining order "issues to preserve the *status quo* before a preliminary injunction hearing may be had, and remains in effect only until the preliminary injunction hearing is held[,]" whereas "[a] preliminary injunction is a 'device for preserving the *status quo* and preventing the irreparable loss of rights before judgment[.]'"  *United States v. Guess*, 390 F. Supp. 2d 979, 984 (S.D. Cal. 2005).  The court need not decide whether the parties' many stipulations to extend the briefing schedule on plaintiffs' motion for a preliminary injunction operated to extend the effectiveness of the temporary restraining order issued by the court beyond its typical timeline.  In any event, temporary restraining orders, like preliminary injunctions, "dissolve[] *ipso facto* when a final judgment is entered in the [case]."  *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010).  Because the court has entered a final judgment in this action, the temporary restraining order has dissolved, and neither the temporary restraining order nor orders to enforce the temporary restraining order may now be enforced by this court.

For the reasons above,

1. The motion to withdraw as counsel of record in the proceedings before this district court filed by attorneys Elise R. Sanguinetti and Matthew J. Kita (Doc. No. 160) is GRANTED;

2. Attorneys Elise R. Sanguinetti and Matthew J. Kita shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of any unearned fees;

3. Plaintiffs Sara Granda and Jose Granda are substituted in *pro se* and are directed to comply with the court's orders and the Local Rules of this district;

/////

/////

8

4.  The Clerk of the Court is directed to TERMINATE attorneys Elise R. Sanguinetti and Matthew J. Kita as the counsel of record for plaintiffs Sara Granda and Jose Granda;

5.  The Clerk of the Court is also directed to ENTER the following contact information as the address of record for plaintiffs Sara Granda and Jose Granda who are now proceeding *pro se* before this court;

      Sara Granda
      3037 Bryant Place
      Davis, CA 95618
      530-400-9752
      Email: smgranda@gmail.com

      Jose Granda
      4400 El Macero Drive
      Davis, CA 95618
      530-902-3165
      Email: grandajj@earthlink.net

6.  Plaintiffs are GRANTED permission to file electronically, provided they properly complete the other requirements for electronic filing:

    a.  E-filing access may be revoked at any time by the court for excessive and/or inappropriate use;

    b.  Plaintiffs are directed to establish PACER accounts at www.pacer.gov and request e-filing access from California Eastern District through Account Maintenance;

7.  Plaintiffs' motion to alter or amend the judgment (Doc. No. 162) is DENIED;

8.  Plaintiffs' emergency motion for protective relief and enforcement (Doc. No. 163) is DENIED; and

9.  The Clerk of the Court is directed to SERVE this order on plaintiffs Sara Granda and Jose Granda by mail.

IT IS SO ORDERED.

Dated:  **July 2, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

9